**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4541**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RANDY PRICE,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:22-cr-00097-1)

Submitted:  July 13, 2026                                    Decided:  August 5, 2026

Before WYNN, THACKER, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Senior Litigator, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Moore Capito, United States Attorney, Judson C. MacCallum, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Price was charged in a two-count indictment with possession of a firearm with a removed, altered, or obliterated serial number, in violation of 18 U.S.C. § 922(k), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen,* 597 U.S. 1 (2022), Price moved to dismiss the indictment. The district court denied his motion as to the § 922(g)(1) charge but granted it as to the § 922(k) charge. The Government appealed, and we reversed the dismissal of the § 922(k) charge. *See United States v. Price*, 111 F.4th 392 (4th Cir. 2024) (en banc), *cert. denied* 145 S. Ct. 1891 (2026). On remand, Price pled guilty to both charges, and the district court sentenced him to a total term of 97 months' imprisonment. Price appealed. On appeal, Price questions the constitutionality of both convictions following *Bruen*, but acknowledges that binding precedent—including the prior appeal in his case—has already resolved the relevant questions.[*] We affirm.

We review properly preserved constitutional claims de novo. *See United States v. Pruess*, 703 F.3d 242, 245 (4th Cir. 2012). However, "a panel of this court is bound by prior precedent from other panels" and may not overturn prior panel decisions unless there is "contrary law from an en banc or Supreme Court decision." *Taylor v. Grubbs*, 930 F.3d 611, 619 (4th Cir. 2019) (internal quotation marks omitted).

---

[*] After briefing completed in this case, the Supreme Court issued its decision in *Wolford v. Lopez*, 146 S. Ct. 2032 (2026), which struck down a Hawaii state firearm restriction. Price filed a motion seeking a supplemental briefing order, arguing that *Wolford* may undermine our en banc decision in *Price*. We denied the motion.

2

We already considered and rejected Price's arguments regarding his § 922(k) conviction in the first appeal in his case, finding that § 922(k)'s regulation of firearms with obliterated serial numbers does not violate the Second Amendment. *Price*, 111 F.4th at 408. Thus, as Price concedes, that decision clearly forecloses his challenge to the validity of his § 922(k) conviction. Additionally, other binding precedent forecloses Price's challenge to his § 922(g)(1) conviction. *See United States v. Canada*, 123 F.4th 159, 161-62 (4th Cir. 2024) ("Section 922(g)(1) is facially constitutional . . . ."); *United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024) (rejecting as-applied constitutional challenges to § 922(g)(1)).

Accordingly, we affirm Price's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3